# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

WILLIAM J. RUSSELL,                          )
                                             )
               Plaintiff,            )
                                             )
v.                                           )          No. CIV 08-170-JHP-SPS
                                             )
TROY PHILLIPS, et al.,                       )
                                             )
               Defendants.           )

## OPINION AND ORDER

      This action is before the court on the defendants' motion for summary judgment. Plaintiff, an inmate in the custody of the Oklahoma Department of Corrections (DOC) who is incarcerated at Mack Alford Correctional Center in Stringtown, Oklahoma, brings this action under the authority of 42 U.S.C. § 1983. His complaint asks for relief in the form of a transfer from the Carter County Detention Center (CCDC) in Ardmore, Oklahoma, to the DOC Lexington Assessment and Reception Center in Lexington, Oklahoma. The defendants are Troy Phillips, CCDC Administrator; Dale Ott, Carter County Commissioner; Joe McReynolds, Carter County Commissioner; Kevin Robinson, Carter County Commissioner; Ken Grace, Carter County Sheriff; and the Carter County Detention Center.[1]

      Plaintiff alleges the overcrowding and sanitation problems at the CCDC compromised his health and safety. He claims he was denied adequate medical care, another prisoner attacked him with a mop wringer, and the windows at the CCDC were not properly weather-sealed, allowing condensation and growth of a "fungus-like mold substance." Defendants

---

[1]Defendant Joe McReynolds has not been served. *See* Docket #15.

Carter County Detention Center, Troy Phillips, Ken Grace, Dale Ott, and Kevin Robinson have filed a motion for summary judgment, alleging plaintiff's request for injunctive relief in the form of a transfer from the CCDC is moot, because he has been transferred. Plaintiff has not responded to the motion.

Having moved for summary judgment in their favor, the defendants are required to show the absence of a genuine issue of material fact. Fed. R. Civ. P. 56(c). Their initial burden is to show the absence of evidence to support plaintiff's case. *Celotex v. Catrett*, 477 U.S. 317, 323 (1986). The defendants must identify those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any" which establish the absence of any genuine issue of material fact. *Id*. The defendants need not negate plaintiff's claim or disprove plaintiff's evidence, but rather, the defendants' burden is to show there is no evidence in the record to support plaintiff's claim. *Id*. at 325.

> [T]he burden on the nonmovant to respond arises only if the summary judgment motion is properly supported as required by Rule 56(c). Accordingly, summary judgment is appropriate under Rule 56(e) only when the moving party has met its initial burden of production under Rule 56(c). If the evidence produced in support of the summary judgment motion does not meet this burden, summary judgment must be denied *even if no opposing evidentiary matter is presented*. If the nonmoving party fails to respond, the district court may not grant the motion without first examining the moving party's submission to determine if it has met its initial burden of demonstrating that no material issues of fact remain for trial and the moving party is entitled to summary judgment as a matter of law. If it has not, summary judgment is not appropriate, for no defense to an insufficient showing is required.

*Murray v. City of Tahlequah*, 312 F.3d 1196, 1200 (10th Cir. 2002) (citations and quotations omitted) (emphasis in original).

Plaintiff's only request for relief is to be transferred from the CCDC, and the record shows the transfer has occurred. "A claim is moot when no reasonable expectation exists

that the alleged violation will recur and interim relief of events have eliminated the effects of the alleged violation." *Comm. for the First Amendment v. Campbell*, 962 F.2d 1517, 1524 (10th Cir. 1992) (citing *County of Los Angeles v. Davis*, 440 U.S. 625, 631 (1979)). When a prisoner no longer is subject to the conditions about which he complains, and judgment on a claim would amount to nothing more than a declaration that he was wronged, the claim is moot. *Green v. Branson*, 108 F.3d 1296, 1300 (10th Cir. 1997); *See also Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985) (holding that prisoner's claims for injunctive and declaratory relief based on prison conditions were moot when he was moved to another unit). Therefore, the court finds plaintiff's claims are moot.

**ACCORDINGLY,** the defendants' motion for summary judgment [Docket #45] is GRANTED, and this action is, in all respects, DISMISSED.

**IT IS SO ORDERED** this 29th day of September 2010.

James H. Payne
United States District Judge
Eastern District of Oklahoma